**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON**

**CIVIL ACTION NO. 13-183-DLB-CJS**

**CHARLOTTE GRUBBS**                                                                                             **PLAINTIFF**

**vs.**                          <u>**MEMORANDUM ORDER AND OPINION**</u>

**THERMO FISHER SCIENTIFIC**                                                      **DEFENDANT**

\*\*\*     \*\*\*     \*\*\*     \*\*\*

In this removed action, Plaintiff Charlotte Grubbs has sued her former employer, Thermo Fisher Scientific, for violations of both Kentucky statutory and common law. She alleges that Defendant's agents and employees subjected her to a sexually-charged and hostile work environment, and that Defendant retaliated against her, all in violation of the Kentucky Civil Rights Act. She also alleges that Defendant negligently supervised and retained the perpetrator of the sexual harassment. Finally, she brings a separate cause of action for punitive damages.

Defendant has moved for partial judgment on the pleadings (Doc. # 9). Defendant argues that Kentucky law does not allow an employee to recover against her employer for negligent supervision/retention. Additionally, Defendant contends that it is entitled to judgment on the punitive damages claim because it is not a stand-alone claim under Kentucky law, and punitive damages are not otherwise recoverable for Plaintiff's substantive claims. Defendant's motion has been fully briefed (Docs. # 11, 14), and is ripe for review. As explained more fully herein, the Court agrees with both of Defendant's

1

arguments and will, therefore, grant Defendant's motion.

**I.     Standard of Review**

"For purposes of a motion for judgment on the pleadings, all well-pled material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless entitled to judgment." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007) (internal citation and quotation marks omitted). A motion brought pursuant to Rule 12(c) is appropriately granted "when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law. *Id.* at 582.

**II.     Factual and Procedural Background**

Plaintiff began working for Defendant in June 2001 as a picker and chemical packer. She was directly supervised by Daniel Mockbee. During the course of her employment, Mockbee allegedly made sexually degrading comments about Plaintiff and other females during work hours at Defendant's Florence, Kentucky work site.[1] Plaintiff made repeated complaints to Human Resources about Mockbee's behavior, but nothing was done. Instead, Mockbee's conduct only intensified and became more frequent.

In February 2012, Mockbee gave Plaintiff the first negative performance review she had received in her 12 years with the company. Mockbee also awarded Plaintiff "only" a two (2) percent raise. However, Mockbee awarded each of Plaintiff's male co-workers a more substantial raise.

---

[1] The details of Mockbee's distasteful comments and conduct are not relevant to the Court's consideration of the pending motion and will not be repeated here.

In March 2012, Plaintiff made a last-ditch effot to have Defendant take action. She informed Defendant's corporate Human Resources department that she could not return to work if the company did not put an end to Mockbee's harassment. Plaintiff was assured that the company would address her concerns if she came back to work. Plaintiff agreed and returned to work on March 12, 2012. A few days later, Plaintiff informed the plant manager that she would like to submit her resignation because she felt the company failed to take corrective action as she had been promised. Thereafter, she submitted a letter of resignation giving Defendant two weeks notice. The plant manager accepted the letter and told her to leave immediately.

As a result of the foregoing, Plaintiff filed suit in Kenton Circuit Court alleging violations of Kentucky's Civil Rights Act and negligent supervision/retention. She seeks compensatory damages for "loss of income, benefits and other valuable job rights, as well as emotional distress and mental anxiety" (Doc. # 1-1 at 7), as well as punitive damages for grossly negligent, intentional, wanton or reckless behavior. This suit was removed to Federal District Court on October 7, 2013.

### III. Analysis

#### A. Negligent Supervision/Retention

Plaintiff claims that Defendant negligently supervised and retained Mockbee as a supervisor. The parties dispute whether this tort is recognized by Kentucky law and, more importantly, whether the tort applies to the facts of this case. Although Kentucky does recognize negligent supervision and retention as a tort, it is not applicable to the facts of this case.

In *Turner v. Pendennis Club*, the Kentucky Court of Appeals held that "Kentucky has indeed recognized and acknowledged the existence of claims of negligent training and supervision." 19 S.W.3d 117, 121 (Ky. App. 2000). The tort imposes liability on an employer who negligently supervises its employee. *See Smith v. Isaacs*, 777 S.W.2d 912, 914-15 Ky. 1989); *McDonald's Corp. v. Ogburn*, 309 S.W.d 274, 291 (Ky. App. 2009). To succeed on a negligent supervision/retention claim, the plaintiff must establish that (1) the employer knew or had reason to know of the risk that the employee created, (2) the employee injured the plaintiff, and (3) the supervision and/or retention of the employee proximately caused the injury. *Grand Aerie Fraternal Order of Eagles v. Carneyhan*, 169 S.W.3d 840, 844 (Ky. 2005); *Ogborn*, 309 S.W.3d at 291(citing *Booker v. GTE.net LLC*, 350 F.3d 515, 517 (6th Cir. 2003) (interpreting Kentucky law)). There is no doubt that Plaintiff has pled facts to support each of these elements, yet Plaintiff's claim still suffers a fatal flaw: an employee cannot sue her employer for negligent supervision or retention.

The late Senior Judge Karl Forester has addressed this very issue as a matter of Kentucky law. In *Henn v. Pinnacle Publishing, LLC*, No. 12-307-KSF, 2012 WL 6096670, at *3 (E.D. Ky. Dec. 7, 2012), the court held as follows:

> While Kentucky courts have recognized the tort of negligent hiring and retention, those cases involved suits by third parties against an employer whose employee caused harm to someone they did not employ. Henn has cited no Kentucky cases which allow an employee to sue his own employer under a negligence theory for an alleged hostile work environment created by a coworker or supervisor. As a result, Henn's negligence claim against the defendants will be dismissed.

While this issue has yet to be addressed by a Kentucky state court in a written decision, other Federal courts have followed the holding of *Henn*. *Montell v. Diversified Clinical Servs. Inc.*, – F. Supp. 2d –, 2013 WL 4521014, at *13 (E.D. Ky. 2013); *See also Harris v.*

4

*Burger King Corp.*, – F. Supp. 2d –, 2014 WL 68089, at *11 (W.D. Ky. 2014) ("It appears that this tort has only been applied in cases in which a third party sues an employer whose employee committed a tort."). This Court will do so as well.

Plaintiff attempts to escape the holding of *Henn* by citing jury instructions given in a Kenton Circuit Court case as an example of a Kentucky court allowing an employee to bring a negligent supervision/retention claim against her employer. *See Jennifier Compian, et al v. Commonwealth Orthopaedic*, 06-CI-2295; (Docs. # 11-1, 11-2). However, these jury instructions do not carry the precedential value that Plaintiff believes they deserve.

"A federal court must accord the same precedential value to a state-court decision as it would be accorded by that state's courts." *Mid-Century Ins. Co. v. Fish*, 749 F. Supp. 2d 657, 666 (W.D. Mich. 2010). In Kentucky, "[a] trial court's decision has 'no precedential value.'" *Bell v. Com., Cabinet for Health and Human Servs.*, – S.W. 3d –, 2014 WL 712666, at *7 (Ky. 2014) (quoting *Courier-Journal v. Jones*, 895 S.W.2d 6, 7 (Ky. App. 1995)). Trial court decisions can have an effect outside of their originating case only under the doctrines of res judicata and collateral estoppel, neither of which are at issue in this case. *Id.* Thus, the Kenton Circuit Court jury instructions do not establish that Plaintiff's negligent supervision/retention claim may proceed against her former employer.

Even if a Kentucky trial court's decision carried precedential value, the jury instructions tendered by Plaintiff still carry no weight. Kentucky Rules of Civil Procedure 76.28(4)(c) prohibits litigants from citing or using unpublished "opinions" as biding precedent. Jury instructions are a far cry from even an unpublished opinion. They give no indication that the parties actually litigated, and the court ultimately determined the issue as a matter of law. As such, Plaintiff has failed to demonstrate that a Kentucky court has

reached a conclusion opposite of the holding reached in *Henn.* Having failed to do so, the Court is convinced that *Henn* controls and ultimately dooms Plaintiff's negligent supervision/retention claim.

### B. Punitive Damages Claim

In Count 5 of Plaintiff's Complaint, Plaintiff asserts a claim for punitive damages. This "count" suffers two fatal flaws. First, "a claim for punitive damages is not a separate cause of action, but a remedy potentially available for another cause of action." *Dalton v. Animas Corp.*, 913 F. Supp. 2d 370, 378 (W.D. Ky. 2012). Second, Plaintiff has not pled a viable cause of action for which punitive damages are recoverable. Her only remaining claims each arise under the Kentucky Civil Rights Act. While the state of the law in Kentucky has changed over time, the Kentucky Supreme Court's most recent decision on point held that punitive damages are not available under the Kentucky Civil Rights Act. *Childers Oil Co., Inc. v. Adkins*, 256 S.W.3d 19, 27 (Ky. 2008). Thus, Plaintiff's claim for punitive damages – whether it is a separate cause of action or a prayer for relief – is dismissed.

Plaintiff rebuts this conclusion by arguing that she has pled claims for which punitive damages are available. She agrees that punitive damages are not available under the Kentucky Civil Rights Act, but argues that such damages are available under the Federal Civil Rights Act. Plaintiff is correct as a matter of law that punitive damages are available under Title VII of the Civil Rights Act. *West v. Tyson Foods, Inc.*, 374 F. App'x 624 (6th Cir. 2010). However, Plaintiff forgets that she has not alleged a claim for a violation of the federal Act; all of her claims are for violations of the Kentucky Civil Rights Act, and punitive damages are not available under that Act.

### IV. Conclusion

Accordingly, for the reasons stated herein, **IT IS ORDERED** that Defendant's partial motion for judgment on the pleadings (Doc. # 9) is hereby **granted**. Plaintiff's claims for negligent supervision/retention (Count IV) and punitive damages (Count V) are hereby **dismissed**.

This 23rd day of April, 2014.



G:\DATA\Opinions\Covington\2013\13-183 MOO granting mtn for partial judgment on pleadings.wpd